United States District Court
District of Massachusetts

_____
                                   )
CLEARONE COMMUNICATIONS, INC.,     )
        Plaintiff,                 )
                                   )
        v.                         )   Misc. Business Docket No.
                                   )   09-10125-NMG
ANDREW CHIANG, JUN YANG, LONNY     )
BOWERS, WIDEBAND SOLUTIONS,        )
VERSATILE DSP, INC. and BIAMP      )
SYSTEMS CORP.,                     )
        Defendants.                )
_____)

**MEMORANDUM & ORDER**

GORTON, J.

I. **Background**

This is a miscellaneous business case brought by plaintiff ClearOne Communications, Inc. ("ClearOne") to enforce a judgment obtained in its favor in the United States District Court for the District of Utah against defendants Andrew Chiang ("Chiang") and Jun Yang ("Yang") who own real property in Massachusetts ("the Utah case" and "the Utah judgment", respectively). Pursuant to the Utah judgment, Chiang and Yang are jointly and severally liable with others to plaintiff for $1,912,000 and are each individually liable for $637,322 in exemplary damages.

The parties are currently embroiled in discovery disputes. Pending before the Court are Yang's motion seeking a protective order against ClearOne's request for deposition and ClearOne's

opposition and cross-motion to compel both Yang and his wife, Dili Zhang, to appear for deposition the week of October 31, 2011, when ClearOne's Utah counsel will be on the east coast to depose Yang's co-defendants.

## II. <u>Motion for a Protective Order</u>

For good cause shown, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The burden of demonstrating good cause rests on the proponent of the protective order. <u>Pub. Citizen</u> v. <u>Liggett Grp., Inc.</u>, 858 F.2d 775, 789 (1st Cir.1988). A district court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required." <u>Poliquin</u> v. <u>Garden Way, Inc.</u>, 989 F.2d 527, 532 (1st Cir. 1993) (quoting <u>Seattle Times Co.</u> v. <u>Rhinehart</u>, 467 U.S. 20, 36 (1984)).

Yang has moved for a protective order in response to a notice dated August 22, 2011 from ClearOne for the taking of his deposition. Yang was deposed once before in this case in July, 2009. On that occasion, he testified that 1) he was unemployed and unable to satisfy the judgment against him and 2) he and his co-defendants had not arrived at a payment plan because they were focused on the pending appeal.

Yang asserts that ClearOne's requested deposition is unnecessary because he has already been deposed and has submitted

an affidavit stating that his ability to pay has not changed since July, 2009. He contends that the real motivation behind the requested deposition is to harass him and his family and points out several instances in which ClearOne allegedly abused the discovery process. He states that ClearOne exploited his language handicap by 1) refusing to pay for a translator at his prior deposition and 2) intimidating him into disclosing private, undiscoverable information. He also alleges that ClearOne misused personal information obtained in the underlying Utah case and illegally used private investigators to follow a co-defendant's family members.

ClearOne denies those allegations and declares that a second deposition of Yang would in no way be cumulative or duplicative. Rather, it purportedly seeks information that was unavailable when Yang was deposed two years ago, namely 1) Yang's <u>current</u> ability to pay and 2) how he and his co-defendants intend to satisfy the judgment now that they have lost their appeal in the Utah case.[1] Moreover, ClearOne states that Yang's "self-serving" affidavit (and the general statements contained therein) is an inadequate substitute for sworn testimony about the likelihood of his future employment and his "material" assets.

The Court finds ClearOne's arguments persuasive. Yang's

---

[1] The United States Court of Appeals for the Tenth Circuit affirmed the Utah judgment on June 27, 2011. <u>ClearOne Commc'ns, Inc.</u> v. <u>Chiang, et al.</u>, 643 F.3d 735 (10th Cir. 2011).

allegations of ClearOne's "abuse of process" are unsubstantiated and do not form a basis for a protective order in this case. The record indicates that Yang is proficient in English and ClearOne's refusal to pay for translation equipment was therefore reasonable. Furthermore, questions concerning his credit standing and jointly held marital property are relevant to his ability to pay the judgment against him and were not harassing or otherwise improper. Finally, whatever surveillance occurred with respect to Yang's co-defendant in Georgia is irrelevant to the instant motion.

Yang's objections to the scope of ClearOne's questioning similarly fail. Liberal discovery is afforded to judgment creditors under Federal Rule of Civil Procedure 69(a)(2), which states:

> In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

The presumption is in favor of "full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment ...." See United States v. Neumann, No. 86-cv-0034, 1999 WL 156151, at *1 (D. Mass. Mar. 5, 1999) (citation and quotation omitted).

Under the prevailing standard, ClearOne is entitled to full discovery of Yang's current financial situation, including any

assets, income or jointly held property that bear on his ability to satisfy the pending judgment against him. The financial information Yang provides in his affidavit is inadequate. Furthermore, ClearOne is entitled to inquire about the codefendants' post-appeal intentions.

Finally, at his 2009 deposition, Yang refused to answer questions concerning his credit resources and his jointly-owned marital property, both of which bear directly on his ability to pay and are appropriately discoverable under Rule 69(a). See Libaire v. Kaplan, 760 F. Supp. 2d 288, 294 (E.D.N.Y. 2011) (allowing subpoena of several financial documents, including "credit card statements for the past three years," because they all directly pertained to defendant's assets and liabilities and, thus, his ability to pay); Neumann, 1999 WL 156151, at *1 (allowing subpoena of defendant's husband's financial records where defendant and husband were in business together due to husband's "personal financial interest" in wife's debt and his ability to assist in concealment of her income).

Accordingly, Yang's motion for a protective order will be denied. ClearOne is entitled to a second deposition of Mr. Yang (not to exceed one day), and Mr. Yang is instructed to disclose in full his assets, income, jointly-held property and financial condition in general.

## III. Cross-Motion to Compel Defendant Yang and Dili Zhang to Appear for Deposition

For the same reasons set forth above regarding liberal discovery afforded to judgment creditors under Fed. R. Civ. P. 69(a)(2), ClearOne's cross-motion to compel Yang and his wife, Dili Zhang, to appear for depositions on the week of October 31, 2011, will be allowed, in part. Ms. Zhang shall be prepared to appear for her deposition but if Mr. Yang makes a full disclosure of his financial situation, including information about all assets held jointly by him and his wife, Ms. Zhang's deposition will be suspended.

Furthermore, as it appears that Mr. Yang will be absent from the country during the week that ClearOne proposes to take his deposition, the Court directs that his deposition must be completed on or before Monday, November 21, 2011, and the deposition of Ms. Zhang, if necessary, must be completed on or before Tuesday, November 22, 2011. If the deposition(s) cannot proceed via video conference, Mr. Yang shall either arrange travel to Utah at his own expense or pay, within two weeks after the completion of such deposition(s), the round-trip travel expenses of ClearOne's counsel to attend the deposition(s) on the east coast. If the Court is required to intervene in this discovery dispute again, costs and/or sanctions will be imposed against the party, or parties, deemed to be recalcitrant.

**ORDER**

In accordance with the foregoing,

1) Defendant Yang's Motion for Protective Order (Docket No. 54) is **DENIED;** and

2) Plaintiff's Cross-Motion to Compel Dili Zhang to Appear for Deposition (Docket No. 56) is **ALLOWED,** in part, and **DENIED,** in part.  Ms. Zhang shall be prepared to appear for a deposition on or before Tuesday, November 22, 2011, but if Mr. Yang at his deposition makes a full disclosure of his financial situation, including information on all assets held jointly by him and his wife, Ms. Zhang's deposition shall be suspended.

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated September 29, 2011